*14] *John Ross's and John Vaughan's lessee
*against* Eason, et. al.

New trial granted in ejectment, where verdict was given for the defendant
against law and the directions of the court.

Motion for a new trial.  This cause had been tried at the last November assizes in Northumberland county, and a verdict had passed for the defendants.

The chief justice now reported the evidence as it appeared on the trial, strongly in favor of the plaintiff, both at law and in equity.

On the part of the defendant it was contended, that though the legal title was vested in the plaintiff, yet the patent was issued by the governor of the late province, under a mistake and misapprehension: that the defendants claimed under a warrant issued in favor of the officers of the Pennsylvania battalion, of which ensign Morrow was one, and that the vote of exclusion had against him by his brother officers was made on an improper and illegal foundation: that Morrow had paid his first quota of money of 16s. and that he was excluded from any benefit under the warrant, before any more money became due from him, in his absence, unheard and without notice.   Where the weight of evidence is against a verdict, if there is a contrariety of testimony, the court will not grant a new trial: 3 Wils. 45.   It was also said that though the general principles on which new trials are granted, would extend as well to cases where the verdict has been for the defendant, as the plaintiff, yet no case can be shown in the books, where the verdict has been for the defendant that a new trial has been granted; and that the court will not readily establish the precedent.

*Quære*, and *Vide* Barnes 440.   Baker on the demise of Brown *v.* Petcher.   *Contra.*

*Per Cur.*   There can be no reason for ordering a new trial in ejectment in favour of the defendant, which does not hold in favour of the plaintiff; and in fact this court has already ordered two new trials, where the verdict has been for the defendant against evidence and the court's direction, one in the case of Robinsons' lessee *v.* Cherry, for lands in Bedford county; the other*

*15]      *It was shewn on the trial, that the plaintiffs had the clear legal title.   The governor would not go on with the original grant, upon Morrow's being charged with the murder of certain friendly Indians on Middle creek, until he had acquitted himself of the charge.   In consequence

* The name of this case cannot now be ascertained.  *Ed.*

[Ross and Vaughan *v.* Eason.]

hereof, his name was struck out, at a general meeting of his brother officers. Taking it in the strongest point of view, he had paid no more than 16s. If an injury was done him by the governor, his remedy was confined to him alone. Morrow never tendered his money, filed a *caveat* in the office, or took any decisive step in the business, until the whole matter was concluded. Jacob Kern obtained the patent; he sold to John Witmer, and he to the lessors of the plaintiff for large valuable considerations, without notice.

The case appears proper for re-examination.

The verdict was had against the court's direction. The legal title is in the plaintiffs. There is great equity against the defendants, and little or none for them. · Under these circumstances, on decided grounds of law and equity, we award a new trial, on payment of costs.

Mr. Smith *pro quer.* Mr. Bradford *pro def.*